IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DANIEL JACKSON, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sergeants JACKSON and WADE, Guards TAYLOR and ALEXANDER, GDOC Comm'r JAMES E. DONALD, Warden AMMONS, Deputy Wardens RIGSBY, JONES, and ALLEN, and Captain KENNELL, | : | NO. 1:08-CV-36 (WLS) |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **DANIEL JACKSON**, an inmate at Autry State Prison ("Autry") in Pelham, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of

1

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff's lawsuit centers on two alleged incidents of excessive force, both occurring at Autry. The first occurred in August 2007, when defendant Sergeant Jackson handcuffed plaintiff so tightly he bruised plaintiff's wrists. Plaintiff alleges that Jackson then choked plaintiff and dragged him down a stairwell, causing plaintiff to sustain injuries to his neck, back, and both wrists. Plaintiff's complaint further alleges that defendant guard Wade stood by and watched the excessive force, but failed to intervene or stop it.

The second incident occurred on February 4, 2008. On that date, as plaintiff was forcibly being placed in a cell with a mental health inmate, defendant guards Taylor and Alexander picked

up plaintiff, who was handcuffed, and threw him head first into the cell. Defendant guard Wade had apparently instructed Taylor and Alexander "to do whatever they had to do to get plaintiff into the cell with the mental health prisoner." Plaintiff sustained injuries to his head, back, neck, wrists, and alleges he has lost feeling in his left thumb.

Plaintiff further alleges that his grievances regarding both incidents, made to Warden Ammons and Deputy Warden Jones, went unanswered.

## III. DISCUSSION

### A. *Captain Kennell and Deputy Wardens Allen and Rigsby*

It is unclear why plaintiff names as defendants Captain Kennell and Deputy Wardens Allen and Rigsby, as he asserts no allegations against them to show how they were involved in his claims. The complaint against Kennell, Allen, and Rigsby should therefore be **DISMISSED**. It is so **RECOMMENDED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

### B. *Warden Ammons, Deputy Warden Jones, and Commissioner Donald*

Plaintiff's only allegation against defendant Warden Ammons and Deputy Warden Jones is that they failed to respond to plaintiff's grievances. The only mention of defendant Commissioner Donald is that he failed to respond to plaintiff's appeal of the unanswered grievances.

Merely "filing a grievance with a supervisory person does not alone make the supervisor

3

liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." *Owens v. Leavins,* 2006 WL 1313192, at *2 (N.D. Fla. May 12, 2006). Plaintiff makes no allegation that these defendants were responsible for the alleged incidents of excessive force. Moreover, the Eleventh Circuit has held that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure. *Dunn v. Martin*, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); *see also Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005). In light of the above, it is **RECOMMENDED** that Ammons, Jones, and Donald be terminated as defendants herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

### *C. Sergeants Jackson and Wade; Guards Taylor and Alexander*

Plaintiff's allegations that he was subjected to unnecessary force which caused him to suffer significant harm, are sufficient, at this juncture, for this Court to allow plaintiff's complaint to go forward against Jackson, Wade, Taylor, and Alexander. Accordingly, it is hereby **ORDERED** that service be issued against these four defendants.

## *VI. CONCLUSION*

In a separate order, the undersigned has directed that plaintiff's lawsuit go forward against defendants Jackson, Wade, Taylor, and Alexander. The undersigned **RECOMMENDS** that all other claims and defendants be **DISMISSED** from this action.

**SO RECOMMENDED**, this 18th day of March, 2008.

4

*/s/ Riichard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE