# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| DANIEL JACKSON, | |
| Plaintiff, | |
| VS. | CIVIL ACTION FILE NO. 1:08-CV-36 (WLS) |
| Sergeant JACKSON, et al., | |
| Defendants. | |

## RECOMMENDATION

This is a § 1983 action brought by a former State of Georgia prisoner against Georgia Department of Corrections personnel employed at Autry State Prison in Pelham, Georgia. Plaintiff is proceeding *in forma pauperis* and *pro se*. Presently pending herein is the defendants' motion to dismiss plaintiff's complaint or in the alternative to compel him to give his deposition (Doc # 18).

For the reasons set out below the customary notice of the filing of the defendants' motion has not been given to the plaintiff as it would be futile. As shown by the defendants in their brief and supporting documents, plaintiff was released from Hays State Prison on July 20, 2008. He was immediately arrested on a Mitchell County, Georgia warrant charging him with stalking . On July 20, 2008, he was transported by Mitchell County deputies to the Mitchell County Jail. Plaintiff was released from custody on bond on July 23, 2008, and since that time his whereabouts have been unknown to the court and defense counsel.

The order of this court entered on March 18, 2008, (Doc. # 5) which granted plaintiff's motion to proceed *in forma pauperis* and directed service of the complaint, among other things, stated that,

> IT IS FURTHER ORDERED that during the pendency of this
> action, each party shall at all times keep the Clerk of the court and
> all opposing attorneys and/or parties advised of his current address.
> FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY
> CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL
> OF A PARTY'S PLEADINGS.

These instructions are clear, concise and direct. Nonetheless, plaintiff failed to notify the court and defense counsel of his whereabouts upon his release from Hays State Prison or the Mitchell County Jail. Any notice of the filing of the defendants' motion would therefore be returned to the court from the Mitchell County Jail.

As set out in defendants' motion, brief and attachments thereto (Doc. # 18, including sub-parts) plaintiff was noticed on June 25, 2008, for his deposition at Hays State Prison on July 22, 2008. Counsel for defendants was subsequently notified by officials at Hays State Prison that plaintiff was scheduled to be released from that facility on July 20, 2008, whereupon plaintiff made arrangements with the prison officials to depose plaintiff on July 18, 2008, but inadvertently did not provide plaintiff with notice of the new date for his deposition. Defense counsel then attempted to depose plaintiff on July 18, 2008, but plaintiff refused to comply stating that he had not been given notice of the July 18, 2008, date and that he was scheduled to meet with an attorney on July 21, 2008, to discuss the instant case.[1] At that time defense counsel noticed plaintiff of his deposition to be taken at the Mitchell County Jail on July 22, 2008. Again, when counsel attempted to depose plaintiff at the Mitchell County Jail he refused.

The order of this court entered on March 18, 2008, specifically advised plaintiff that, "failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the

---

[1] To date no attorney has entered an appearance herein on behalf of plaintiff.

Federal Rules of Civil Procedure." (Doc. # 5). These are very clear, concise and direct instructions to plaintiff, in the event that defendants wish to depose him, yet plaintiff has refused to give his deposition on two separate occasions.

Therefore, for all of the reasons set out herein it is the **RECOMMENDATION** of the undersigned that defendants' motion to dismiss be **GRANTED.** The Clerk of Court is hereby directed to mail plaintiff a copy of this recommendation at his last known address, the Mitchell County Jail. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 2nd day of September 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE